**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANIER THOMPSON,

      Plaintiff,           Civil Action No. 2:16-10004

v.                        HONORABLE DENISE PAGE HOOD
                              CHIEF UNITED STATES DISTRICT JUDGE

THOMAS O. MOHRMAN, et. Al.,

      Defendants,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**THE CIVIL RIGHTS COMPLAINT**

## I.  Introduction

Before the Court is Plaintiff Lanier Thompson's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a prisoner incarcerated at the Macomb Correctional Facility in New Haven, Michigan. For the reasons stated below, the complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE.**

## II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

1

2:16-cv-10004-DPH-MKM   Doc # 7   Filed 03/15/16   Pg 2 of 7   Pg ID 97

Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if
the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from
such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if

the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at

612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights

plaintiff must establish that: (1) the defendant acted under color of state

law; and (2) the offending conduct deprived the plaintiff of rights secured by

federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *See also Havard v.*

*Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009). "If a plaintiff fails to

make a showing on any essential element of a § 1983 claim, it must fail."

*Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).


### III.  **Complaint**


2

Plaintiff filed a lengthy complaint against several defendants. Plaintiff's complaint was originally filed in Case No. 2:15-CV-13897. Plaintiff brought claims concerning his denial of release on parole (collectively "parole claims"), as well as claims concerning prison misconducts and the conditions of his confinement (collectively "misconduct claims" and "confinement claims"). As to the parole claims, plaintiff claimed that the Michigan Parole Board unfairly denied him parole and proper interviews in violation of his contractual and due process rights. As to the misconduct claims, plaintiff alleged that he was improperly charged with misconducts and put in segregation and challenged the fairness of those proceedings. As to the confinement claims, plaintiff claimed that he had been subject to improper conditions in prison, including assaults, discrimination, and inadequate health care. The Court dismissed the misconduct and confinement claims based upon misjoinder and dismissed the parole claims for failure to state a claim upon which relief may be granted and based upon the immunity of the Parole Board members. The Court indicated that plaintiff could re-file this complaint under a separate case number to re-assert the misconduct and confinement claims. *Thompson v. Parole Bd. Members, et. al.,* No. 2:15-

CV-13897 (E.D. Mich. Dec. 30, 2015).

Plaintiff has now re-filed his complaint in Case # 2:16-CV-10004 in order to re-assert his misconduct and confinement claims.

## IV.  Discussion

Plaintiff's remaining claims are subject to dismissal for several reasons.

Plaintiff initially claims that he has wrongfully been convicted of several prison misconduct charges.  To the extent that plaintiff seeks monetary damages arising from these prison misconduct convictions, he would be unable to obtain such damages absent a showing that his misconduct convictions had been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  The *Heck* doctrine has been extended to prisoner civil rights suits which seek monetary damages involving challenges to the procedures used to deprive a prisoner of her good time credits.  In *Edwards v. Balisok*, 520 U.S. 641,

646-648 (1997), the Supreme Court held that a state prisoner's claims for damages for due process violations based upon the procedures used in a disciplinary hearing that resulted in the deprivation of disciplinary credits was not cognizable under § 1983 because the principal primary defect complained of by the prisoner would, if established, necessarily imply the invalidity of that deprivation. Plaintiff's challenges to his misconduct hearings and the resultant loss of any 'good time' credits would affect the length of his sentence and are thus barred by *Edwards* and *Heck*. *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013).

The complaint must also be dismissed against Defendants Thomas O. Mohrman and Hearing Investigator Jacobsen because they are both immune from lawsuits for their actions in conducting prison misconduct hearings. Prison hearings officers in Michigan are entitled to absolute judicial immunity from liability in a 42 U.S.C. § 1983 suit challenging their actions in conducting an administrative hearing. *See Goldsmith v. Sharrett,* 614 F. App'x 824, 827 (6th Cir. 2015); *See also Shelly v. Johnson*, 849 F. 2d 228, 230 (6th Cir. 1988). Plaintiff's suit against the hearing officers must be dismissed on the basis of absolute judicial immunity. Defendant Russell, as the M.D.O.C. Hearing Administrator, would also be immune

from being sued for any actions undertaken in reviewing or refusing to reconsider or overturn the prison hearing officers' decisions. *See Williams v. Bournay*, 178 F. 3d 1298 (Table), 1999 WL 196532, at * 2 (6th Cir. Mar. 22, 1999).

Finally, the remaining portion of the lawsuit must be dismissed against Defendants Mohrman, Russell, and Jacobsen because plaintiff does not allege facts showing that these defendants were responsible for his care in prison, or were involved in any of the allegations involving the conditions of his confinement.  A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff fails to state a claim upon which relief may be granted under § 1983 against these three defendants as to these matters.

6

The Court dismisses plaintiff's complaint because he failed to state a claim upon which relief can be granted.  Because the Court is dismissing plaintiff's misconduct ticket allegations under *Heck*, the dismissal of those claims will be without prejudice. *See e.g. Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004).  Plaintiff's remaining claims will be dismissed with prejudice for failing to state a claim upon which relief can be granted.

## V.  ORDER

Accordingly, it is **HEREBY ORDERED** that plaintiff's civil rights complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  March 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

7